UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PRESCILIANO QUIROZ-CASTRO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-05-130 |
| | § | CRIMINAL CASE NO. L: 02-1624 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPIONION AND ORDER

Petitioner Presciliano Quiroz-Castro has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Dkt No. 4][1]. The Court has carefully considered the pending motion along with the records of the prior proceedings. Based on this review, and the application of governing legal authorities, the Court hereby **DENIES** the § 2255 motion.

## I.   DISCUSSION

Petitioner pled guilty and was subsequently sentenced to a term of one hundred twenty months imprisonment. [Crim. Dkt. No. 11]. The United States Court of Appeals for the Fifth Circuit affirmed Petitioner's judgment *United States of America v. Presciliano Quiroz-Castro*, No. 03-40847 (5th Cir. June 22, 2004) (unpublished). The Fifth Circuit concluded that the record did not support Petitioner's claim that he was improperly denied safety valve consideration and that the record was not sufficiently

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number L-05-cv-130. "Crim. Dkt. No." refers to the docket entries in criminal case number L-02-cr-1624.

developed to address an ineffective assistance of counsel claim.  *Id.*

On September 22, 2004, the district court considered and denied Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  [Crim. Dkt No. 28].  That motion raised a claim of ineffective assistance of counsel, as well as the denial of safety valve.  On June 3, 2005, Petitioner sought permission to file a second § 2255 petition.  [Crim. Dkt. No.29].  That request was denied because Petitioner had failed to present the requisite certificate for a second or successive petition.  [Crim. Dkt. 30].

Petitioner has now filed the current § 2255 motion to challenge the same conviction.  In this petition Petitioner raises issues not previously raised.  [Dkt. No. 4].  However, because the claims raised in the pending motion could have been presented previously, Petitioner's pending § 2255 motion is a second or successive motion.  *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (holding that an application is "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ").

The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion.  "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)

(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner has failed to obtain the necessary authorization from the Fifth Circuit prior to the filing of this successive motion. Any explanation that the defendant might present for his prior failure to raise the new claims asserted in the current motion must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive motion in this district court. Absent the requisite authorization, this Court is without jurisdiction to consider Petitioner's claims. *See Key*, 205 F.3d at 774. Accordingly, Petitioner's claim is DENIED.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the pending motion is clearly successive and without authorization, the Court concludes that jurists of reason would not debate whether Petitioner has stated a valid claim or whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## II.     CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Petitioner has filed an unauthorized successive motion. As a result, the Court hereby **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket No. 4) and orders this case **DISMISSED**. The Court further **DENIES** a certificate of appealability.

IT IS SO ORDERED.

SIGNED this 27th day of July, 2007.

Micaela Alvarez
United States District Judge